UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

MISCELLANEOUS ACTION NO. 01-14-C

UNITED STATES OF AMERICA                                                              PETITIONER,

V.                          **MEMORANDUM OPINION AND ORDER**

MONUMENTAL LIFE INSURANCE
COMPANY                                                                                              RESPONDENT.

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

This action is before the court upon the motion to stay (DE 47) filed by Monumental Life Insurance Company ("Monumental") and upon the United States's motion to strike (DE 57).

The court granted the government's petition to enforce an IRS summons on October 13, 2004 (DE 44). The respondent has appealed the court's decision and has asked to stay enforcement of the summons pending the decision of the Sixth Circuit Court of Appeals. The court allowed the respondent to postpone compliance with the summons pending this court's determination of the motion for a stay (DE 50), but will deny the stay and direct the respondent to comply with summons.

In determining whether to grant a stay of enforcement of the summons, the court considers the criteria for granting injunctive relief: (1) likelihood that the movant will prevail; (2) irreparable harm that the movant may suffer; (3) harms that the opposing party may suffer; and (4) the interest of the public. *Boyd v. United States*, No. 01-472-JMH, 200 WL 31986872, at \*1 (E.D. Ky. Dec. 24, 2002).

Monumental argues that if it complies with the summons, then its appeal will be rendered moot.

In *United States v. Patmon*, 630 F.2d 458 (6th Cir. 1980), the court held that as the government was seeking nothing further from Patmon and had decided not to proceed against him, the taxpayer's appeal was rendered moot. However, twelve years after the *Patmon* decision, the United States Supreme Court held that compliance with an IRS summons did not render an appeal moot "because if the summons were improperly issued or enforced a court could order that the IRS' copies of the [documents] be either returned or destroyed." *Church of Scientology of California v. United States*, 506 U.S. 9, 15 (1992).

*United States v. B&D Vending, Inc.*, No. 02-342-KSF, 2003 WL 21977164, at * 4 (E.D. Ky. July 2, 2003) recognized the holding in *Church of Scientology*, but noted that the Supreme Court held only that compliance with a summons did not moot an appeal, not that a stay could never be issued.  Likewise, *Boyd*, *supra*, stated that the Supreme Court did not hold that it would be inappropriate to grant a stay.

In this case, however, any further delay in compliance with the summons is inappropriate.  While not assigning blame for the length of the present litigation, the court has already noted that this "summary proceeding" has already lasted over four years (DE 44)*.  See United States v. Davis*, 636 F.2d 1028, 1038 (5th Cir. 1981)(describing summary nature of proceeding). The respondent's argument that

2

it will suffer irreparable injury absent a stay because its appeal will be rendered moot after it complies with the summons is not convincing in light of the particular facts of this case and the holding in *Church of Scientology*. Should the respondent prevail, the Court of Appeals can order the return or destruction of the subject documents. Such relief restores the taxpayer's privacy interest in its papers and effects and is of "sufficient importance to merit constitutional protection." *Church of Scientology, supra*, at 13. The respondent may be able to obtain additional relief – an order prohibiting the government from using the information contained in the documents in the future – a possibility left open in *Church of Scientology. Id.* at n. 6. Accordingly,

**IT IS ORDERED** that Monumental's motion to stay enforcement of the summons (47) is **DENIED**.

**IT IS FURTHER ORDERED** that the government's motion to strike the declaration filed by Monumental (DE 57) is **DENIED**. The court considered the government's objections and applied them in the weight given to the declaration; only relevant portions of the declaration were noted in the court's determination of the motion to stay.

Signed on  May 13, 2005

*Jennifer B. Coffman*

**Jennifer B. Coffman, Judge**
**United States District Court**